**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| PEDRO TYRONE BELL,<br><br>Plaintiff,<br><br>v.<br><br>ERIN PARKS, *et al.*,<br><br>Defendants. | Case No. 3:24-CV-00312-ART-CLB<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT AND MOTION TO SEAL**<br><br>[ECF No. 22, 23] |

On August 12, 2026, Defendants filed a motion for leave to file a motion for summary judgment, (ECF No. 22), and motion to file exhibits to the motion for summary judgment under seal. (ECF No. 23.) Plaintiff Pedro Tyrone Bell ("Bell") did not oppose either motion. Pursuant to the Court's Local Rules, "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." LR 7-2(d). Accordingly, Defendants' motion for leave to file a motion for summary judgment, (ECF No. 22), and motion to file exhibits to the motion for summary judgment under seal, (ECF No. 23), are granted as unopposed.

Furthermore, Defendants' motion to seal also succeeds on the merits. If a party seeks to file a document under seal, there are two possible standards the party must address: the compelling reasons standard or the good cause standard. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016). The choice between the two standards depends on whether the documents proposed for sealing accompany a motion that is "more than tangentially related" to the merits of the case. *Id.* at 1099. If it is more than tangentially related, the compelling reasons standard applies. If not, the good cause standard applies. *Ctr. for Auto Safety*, 809 F.3d at 1102. Here, Defendants seek to file exhibits under seal in connection with the motion for summary judgment, which are "more than tangentially related" to the merits of a

case. Therefore, the compelling reasons standard applies.

Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *United States v. Carpenter*, 923 F.3d 1172, 1179 (9th Cir. 2019) (quoting *Ctr. for Auto Safety*, 809 F.3d at 1096-97) (alteration in original). Finding a compelling reason is "best left to the sound discretion" of the Court. *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 599 (1978)).

This Court, and others within the Ninth Circuit, have recognized that the need to protect medical privacy qualifies as a "compelling reason" for sealing records, since medical records contain sensitive and private information about a person's health. *See, e.g., Spahr v. Med. Dir. Ely State Prison*, No. 3:19-CV-0267-MMD-CLB, 2020 WL 137459, at *2 (D. Nev. Jan. 10, 2020); *Sapp v. Ada Cnty. Med. Dep't*, No. 1:15-CV-00594-BLW, 2018 WL 3613978, at *6 (D. Idaho July 27, 2018); *Karpenski v. Am. Gen. Life Companies, LLC*, No. 2:12-CV-01569RSM, 2013 WL 5588312, at *1 (W.D. Wash. Oct. 9, 2013). While certain aspects of a party's medical condition may be at issue in certain types of actions, that does not mean that all medical records filed in connection with a motion (which often contain unrelated medical information) must be broadcast to the public. In other words, the party's interest in keeping sensitive health information confidential outweighs the public's need for direct access to the medical records.

Here, the referenced exhibits contain Bell's sensitive medical records. Balancing the need for the public's access to information regarding medical history, treatment, and condition against the need to maintain the confidentiality of these medical records weighs in favor of sealing these exhibits. Therefore, Defendant's motion to seal succeeds on the merits.

## I. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' motion for leave to file a motion for summary judgment, (ECF No. 22), and motion to file exhibits to the motion for summary judgment under seal, (ECF No. 23), are **GRANTED** as unopposed.

**IT IS FURTHER ORDERED** that the Clerk shall file Defendants' motion for summary judgment, (ECF No. 22-1), and the attached exhibits, (ECF Nos. 22-2, 22-3, 22-4, 22-5, 22-6, 22-7, 22-8, 22-9, 22-10, 22-11), on the docket.

**IT IS FURTHER ORDERED** that the exhibits submitted under seal, (ECF No. 24), shall remain under seal.

**IT IS FURTHER ORDERED** that Bell's response to Defendants' motion for summary judgment is due on or before **Tuesday, September 22, 2026**, and Defendants' reply is due on or before **Tuesday, October 5, 2026**.

**IT IS SO ORDERED**.

**DATED**: September 1, 2026.

**UNITED STATES MAGISTRATE JUDGE**